PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

In Re: MARGARET M. BEES, in her
individual capacity,

                    *Appellant.*

---

COLUMBIA VENTURE LLC,

            *Plaintiff-Appellee,*

         and

HEATHWOOD HALL EPISCOPAL
SCHOOL,

          *Intervenor/Plaintiff,*

           v.

FEDERAL EMERGENCY MANAGEMENT
AGENCY,

               *Defendant,*

DR. JOHN GREGO; DR. DANIEL
TUFFORD; RIVERLAND PARK
NEIGHBORHOOD ASSOCIATION; SOUTH
CAROLINA WILDLIFE FEDERATION,

       *Intervenors/Defendants.*

No. 06-1071

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Margaret B. Seymour, District Judge.
(3:01-cv-04100-MBS)

Argued: January 28, 2009

Decided: April 3, 2009

Before WILLIAMS, Chief Judge, and MOTZ and SHEDD, Circuit Judges.

---

Reversed by published per curiam opinion.

---

## COUNSEL

**ARGUED:** Mark Earl Nagle, TROUTMAN & SANDERS, L.L.P., Washington, D.C., for Appellant. Manton McCutchen Grier, HAYNSWORTH, SINKLER & BOYD, P.A., Columbia, South Carolina, for Appellee. **ON BRIEF:** William C. Boyd, Sarah Michaels Montgomery, HAYNSWORTH, SINKLER & BOYD, P.A., Columbia, South Carolina, for Appellee.

---

## OPINION

PER CURIAM:

Margaret M. Bees, an attorney for the Federal Emergency Management Agency ("FEMA"), appeals the district court's *sua sponte* imposition of Rule 11 sanctions. We reverse.

### I.

In 1998, pursuant to the National Flood Insurance Act, 42 U.S.C. §§ 4001-4129 (2006), FEMA began to redraw the flood maps for the portion of the Congaree River located in Richland County, South Carolina. After FEMA issued its final determination, Columbia Venture, which owns a large parcel of land in the affected area, brought suit, arguing that FEMA's determination was scientifically unsound. During the course of contentious litigation, Columbia Venture sought to

vacate FEMA's determination on the basis that the *Federal Register* notice—published on February 16, 2001—was not timely.

After the parties briefed Columbia Venture's motion to vacate, the district court issued a *sua sponte* order directing FEMA and its "counsel of record" to show cause as to why Rule 11 had not been violated. In its order, the court sought explanation for two documents filed by FEMA that erroneously stated or suggested that FEMA had timely published a *Federal Register* notice, when it had not. The court held a hearing on both Columbia Venture's motion to vacate and the court's show cause order. During that hearing, Margaret Bees, an attorney representing FEMA, made several statements regarding a comment period assertedly triggered by the *Federal Register* publication.

Following the hearing, the district court issued two orders. First, it granted Columbia Venture's motion to vacate; we address that order in a companion case, in which we more fully set forth the background facts. *Columbia Venture LLC v. S.C. Wildlife Fed'n*, No. 05-2398, ___ F.3d ___ (4th Cir. 2009). Second, the court imposed substantial Rule 11 sanctions on Bees, which we address within.

Specifically, after finding that FEMA misrepresented the *Federal Register* publication *date* in its written submissions and that Bees made erroneous statements as to the *comment period* at the October 31 hearing, the district court (1) directed the clerk to withdraw Bees's appearance in the case, (2) instructed Bees to affix a copy of the sanction order to all future submissions filed in the United States District Court for the District of South Carolina, (3) stated that any future applications made by Bees before that particular judge would be summarily denied, (4) ordered Bees to complete continuing legal education courses in ethics, a remedial step that Bees had voluntarily undertaken, and (5) directed Bees to provide a copy of the sanctions order and a transcript of the October

31, 2005 motion hearing to the disciplinary board for her state bar.[1]

Bees timely appealed.

## II.

Rule 11 requires an attorney who has "present[ed] to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it" to certify "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that, *inter alia*, "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). "[A]fter notice and a reasonable opportunity to respond," a court "may impose an appropriate sanction on any attorney, law firm, or party" that violated Rule 11. Fed. R. Civ. P. 11(c)(1).

We review a district court's imposition of Rule 11 sanctions for abuse of discretion. *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 150 (4th Cir. 2002). By definition, an error of law constitutes an abuse of discretion. *Id.*

Because a *sua sponte* order to show cause does not provide an attorney with Rule 11's twenty-one day safe harbor provision, *see* Fed. R. Civ. P. 11(c)(2), "a court is obliged to use extra care in imposing [*sua sponte*] sanctions on offending lawyers." *Hunter*, 281 F.3d at 151. Courts generally should

---

[1]Additionally, the district court instructed FEMA and the United States Attorney's Office for the District of South Carolina to circulate the sanctions order to all attorneys within their respective offices and to address the matter in continuing education efforts. Because FEMA and the United States Attorney's office have not appealed this sanction, we do not consider it here. Nonetheless, it appears that the district court sanctioned Bees individually, in part, based on documents submitted to the court by a number of attorneys representing FEMA. The record does not reveal why Bees bore the brunt of the sanctions.

reserve such sanctions for "situations that are akin to a contempt of court." *Id.* (citation omitted).

With these principles in mind, we consider the two grounds on which the district court levied sanctions against Bees: (1) written submissions regarding the date of the *Federal Register* notice filed by Bees (and other lawyers) on behalf of FEMA, and (2) Bees's oral statements regarding a comment period following that notice.

### III.

The district court initially sanctioned Bees for filing two documents that erroneously suggested that FEMA published a notice in the *Federal Register* in September 1999.

On December 31, 2002, Bees and other FEMA attorneys filed the first of these documents: a declaration signed by FEMA engineer Douglas A. Bellomo (the "Bellomo Declaration") supporting FEMA's motion to dismiss.[2] This declaration states:

> On September 7, 1999 and September 14, 1999, FEMA gave public notification in *The State*—a prominent newspaper in Richland County and in the Federal Register of its proposed 1% annual chance of flood elevations for the Richland County area reflected in the August 12, 1999 maps. FEMA also gave notice of proposed 1% annual chance base flood elevations in the *Federal Register*. FEMA allowed a period of 90 days from the date of the second publication in *The State* for any owner or lessee of real property within the community who believed his property rights to be adversely affected by the

---

[2]Although Bees did not sign the declaration, counsel's Rule 11 obligations also extend to any "paper" counsel "fil[es]" with or "submit[s]" to the court. Fed. R. Civ. P. 11(b).

Director's proposed determination to appeal such determination.

The district court found that this statement "leads the reader to believe that notice was published in the *Federal Register* on or about September 7, 1999, because it is included in the paragraph that discusses events that occurred on September 7, 1999."

We agree that the language of the declaration is misleading. But during the district court hearing, Bees explained that an inadvertent typographical error caused this difficulty. She noted that two consecutive sentences in the affidavit discussed the *Federal Register* notice. The district court accepted this explanation of "clerical error." Given that the district court itself quite reasonably concluded that the declaration contained a clerical mistake rather than a deliberate attempt to mislead, the declaration presents no basis for sanctions.

Nevertheless, the court found that FEMA's September 9, 2005 brief in opposition to Columbia Venture's motion to vacate did provide a basis for Rule 11 sanctions because of a similar inaccuracy. Citing the Bellomo Declaration, FEMA's brief stated:

> On September 7 and 14, 1999, FEMA gave public notification in *The State*—a prominent newspaper in Richland County—of its proposed 1% annual chance flood elevations for the Richland County area reflected in the August 12, 1999, maps. FEMA also gave notice of proposed 1% annual chance base flood elevations in the *Federal Register*.

Unlike the Bellomo Declaration, this factual assertion does not refer to the *Federal Register* publication in the same sentence as *The State* publication. But the brief discusses the two statements in adjacent sentences and provides no date for the

*Federal Register* publication. Accordingly, we appreciate the district court's concern that this passage is misleading.

However, just a few pages later in the same FEMA brief, the agency clearly "concede[d]" that the *Federal Register* notice was "published in the Federal Register on *February 16, 2001*," i.e., *not* on the same dates as *The State* publication—September 7 and 14, 1999. (Emphasis added). Indeed, FEMA had notified Columbia Venture of this fact by letter a month earlier, and Columbia Venture filed the February 16 notice as an attachment to its *August 22, 2005* motion to vacate. Thus, we can only conclude that FEMA's error in one portion of its September 9, 2005 brief was an inadvertent mistake, not a deliberate attempt to mislead or a failure to conduct a reasonable inquiry. Such an isolated, inadvertent error does not justify Rule 11 sanctions. *See Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 449-51 (7th Cir. 1993); *see also Forrest Creek Assocs., Ltd. v. McLean Sav. & Loan Ass'n*, 831 F.2d 1238, 1245 (4th Cir. 1987) ("[Rule 11] does not extend to isolated factual errors, committed in good faith . . ."). Imposition of sanctions on this basis constitutes an abuse of discretion.

## IV.

The only other basis offered by the district court to justify its sanctions is an asserted "misrepresentation" Bees made during the October 31, 2005 hearing itself. Bees contends that the district court erred as a matter of law in sanctioning her on the basis of this oral statement. We agree.

During the October 31, 2005 hearing, the parties disputed the effect of the *Federal Register* notice published on February 16, 2001. Columbia Venture contended that FEMA's comment period closed *before* FEMA published the *Federal Register* notice. In response, Bees initially argued that the February 16 publication created a *new* comment period lasting 30 days from the date of publication of the *Federal Register*

notice.[3] But upon questioning by the court, Bees admitted that this statement was at odds with the plain language of the February 16, 2001 notice, which states that the comment period closed 90 days after the second publication in the local newspaper. Following the argument, the district court determined that the plain language of the February 16 notice accorded with all similar FEMA filings and contained a correct statement of the law. Thus, the court concluded that Bees "had actual notice that her [oral] representation to the court [about the comment period] was false" and sanctioned Bees for that oral representation.

Rule 11, however, severely limits a court's ability to sanction counsel for oral statements. It permits a court to impose sanctions only on the basis of a false, misleading, or otherwise improper "pleading, written motion, or other paper." Fed. R. Civ. P. 11(b). Thus, as the Advisory Committee has explained, Rule 11 "applies only to assertions contained in papers filed with or submitted to the court." Fed. R. Civ. P. 11 advisory committee's note (1993 Amendments, Subdivisions (b) and (c)). The rule "does not cover matters arising for the first time during oral presentations to the court, when counsel may make statements that would not have been made if there had been more time for study and reflection." *Id.* In sum, an oral statement may form a basis for Rule 11 sanctions *only* if it advocates a contention previously contained within a written submission. *See Christian v. Mattel, Inc.*, 286 F.3d

---

[3]As Bees explained to the district court in a post-argument letter, she based her representation that the February 16, 2001 publication created a new 30-day comment period on the notion that "the Administrative Procedures Act (APA) required [*Federal Register*] notices to allow for a comment period of thirty days." Although apparently erroneous, this argument certainly constitutes a plausible interpretation of the APA. The statute generally requires an agency to provide a comment period after "proposed rule making" is "published in the Federal Register." 5 U.S.C. § 553(b) & (c) (2006). To be sanctionable, a "legal argument must have absolutely no chance of success under the existing precedent." *Hunter*, 281 F.3d at 153 (quotation omitted).

1118, 1129-31 (9th Cir. 2002); *O'Brien v. Alexander*, 101 F.3d 1479, 1488-90 (2d Cir. 1996).

In sanctioning Bees the district court did not find that Bees's oral statements advocated an argument previously contained in a written submission. Nor could the court have so found, for *no* previous written submission contains an erroneous or misleading statement regarding the comment period. Moreover, Rule 11 requires a district court to order counsel "to show cause why conduct specifically described in the order has not violated Rule 11(b)" prior to imposing *sua sponte* sanctions in order to allow counsel to respond to specific asserted Rule 11 violations. Fed. R. Civ. P. 11(c)(3); *see also Hunter*, 281 F.3d at 157 ("[A] court, especially when acting sua sponte, must particularize the behavior it deems sanctionable." (citing Fed. R. Civ. P. 11(c))). Here, the district court never ordered Bees to show cause with respect to the comment period issue. Accordingly, the district court committed legal error and so abused its discretion in sanctioning Bees on the basis of the comment period statement.

V.

For these reasons, we reverse the order of the district court imposing Rule 11 sanctions on Margaret M. Bees.

*REVERSED*