**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-6102**

———————

DEAN JACKSON KINDER,

        Plaintiff - Appellant,

      v.

JAMES RUBENSTEIN, Commissioner; PAT MIRANDY, Warden; DANIEL
KIMBLE, Unit Manager,

        Defendants - Appellees.

———————

Appeal from the United States District Court for the Northern
District of West Virginia, at Wheeling.   Frederick P. Stamp,
Jr., Senior District Judge.   (5:15-cv-00050-FPS-JES)

———————

Submitted:  April 19, 2016        Decided:  April 22, 2016

———————

Before AGEE, DIAZ, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Dean Jackson Kinder, Appellant Pro Se.   William E. Murray,
ANSPACH MEEKS ELLENBERGER LLP, Charleston, West Virginia, for
Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dean Kinder appeals the district court's judgment adopting the magistrate judge's recommendation to dismiss his 42 U.S.C. § 1983 (2012) action for failure to state a claim. On appeal, we confine our review to the issues raised in the informal brief. See 4th Cir. R. 34(b). For the reasons that follow, we affirm.

Kinder first argues that the district court erred in declining to sanction Defendants for "perjury" committed by Defendants' counsel in a memorandum in support of Defendants' motion to dismiss. The apparent misrepresentation by Defendants' counsel was regrettable and potentially warranting of admonishment if made in bad faith. See Fed. R. Civ. P. 11(b)(2), (3), (c); In re Bees, 562 F.3d 284, 288 (4th Cir. 2009) (distinguishing between counsel's inadvertent mistake and statement in bad faith). However, Kinder's request for sanctions was procedurally improper, see Fed. R. Civ. P. 11(c)(2), and the statement caused Kinder no prejudice, given that the magistrate judge independently investigated and corrected it. Under the circumstances presented, we find no abuse of discretion in the court's decision not to sua sponte issue a show cause order to address this isolated statement. See Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 151 (4th

2

Cir. 2002) (discussing sua sponte sanctions under Fed. R. Civ. P. 11(c)(3)); Morris v. Wachovia Sec., Inc., 448 F.3d 268, 277 (4th Cir. 2006) (standard of review).

Next, Kinder challenges the district court's repeated denials of his motions for appointed counsel and discovery. We conclude the court did not abuse its discretion in denying Kinder discovery during the pleading stage of the proceedings or in declining to appoint counsel, as Kinder's articulate pleadings demonstrated his ability to present his claims. See Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co., 748 F.3d 160, 172 (4th Cir.) (standard of review for discovery matters), cert. denied, 135 S. Ct. 437 (2014); Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987) (standard of review for denial of counsel); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984) (addressing factors relevant to appointment of counsel in civil cases), abrogated on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989). Finally, while Kinder challenges the district court's factual recitation regarding grievances he filed, we find no reversible error in its summary of Kinder's complaint and attached grievance forms.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED