**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-1357**

———————

ALDMYR SYSTEMS, INC.; ZEGATO SOLUTIONS, INC.,

    Plaintiffs – Appellants,

    v.

STEPHEN A. FRIEDMAN, Esq.; JOSEPH, GREENWALD & LAAKE, PA,

    Defendants - Appellees.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Peter J. Messitte, Senior District Judge. (8:15-cv-00864-PJM)

———————

Submitted:  January 31, 2017          Decided:  February 9, 2017

———————

Before GREGORY, Chief Judge, and NIEMEYER and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James P. Chandler, CHANDLER LAW FIRM, PLLC, Washington, D.C., for Appellants.  Shirlie Lake, Daniel R. Hodges, ECCLESTON & WOLF, P.C., Hanover, Maryland, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aldmyr Systems, Inc., and Zegato Solutions, Inc. (collectively "Appellants"), appeal the district court's dismissal of their complaint and the court's determination that sanctions were warranted against Appellants, their counsel, and Donald Bailey, Sr. ("Mr. Bailey"), Appellants' Chief Executive Officer. Appellants filed suit against Stephen Friedman and Joseph, Greenwald & Laake, P.A. (collectively "Appellees"), alleging copyright infringement and misappropriation of trade secrets for actions taken by Appellees during the state divorce proceedings between Mr. Bailey and Appellees' client, Geraldine Bailey ("Ms. Bailey"). We affirm.

Appellants first argue that the district court erred in granting Appellees' motion to dismiss because Appellants alleged sufficient facts to establish their claims. Because Appellants do not challenge on appeal the district court's dispositive determination that the domestic relations exception to federal jurisdiction[1] barred their claims, we conclude that Appellants have waived review of that issue. See Suarez-Valenzuela v. Holder, 714 F.3d 241, 249 (4th Cir. 2013) ("[I]t is a well settled rule that

---

[1] The domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees," Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992), and to rule on any issues that are inextricably intertwined with those matters. Kahn v. Kahn, 21 F.3d 859, 860-61 & n.1 (8th Cir. 1994).

2

contentions not raised in the argument section of the opening brief are abandoned." (brackets and internal quotation marks omitted)). Consequently, we affirm the district court's dismissal of Appellants' complaint.

Next, Appellants argue that the district court erred in imposing sanctions. Appellants contend that Appellees failed to comply with the safe-harbor provision of Fed. R. Civ. P. 11(c)(2), by not identifying the conduct that warranted sanctions. However, our review of the record on appeal leads us to conclude that Appellees complied with the rule. See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 389 (4th Cir. 2004) (en banc) (discussing Rule 11(c)(2)).

Appellants also assert the district court erred in concluding that they filed their lawsuit for an improper purpose—specifically, to harass Ms. Bailey and her counsel and to gain leverage in Mr. Bailey's state court divorce proceeding. See Fed. R. Civ. P. 11(b)(1).[2] "We review a district court's imposition of Rule 11 sanctions for abuse of discretion." In re Bees, 562 F.3d 284, 287 (4th Cir. 2009). "A district court . . . necessarily

---

[2] "Rule 11 defines the term improper purpose to include factors such as to harass or to cause unnecessary delay or needless increase in the costs of litigation." In re Kunstler, 914 F.2d 505, 518 (4th Cir. 1990) (internal quotation marks omitted). "[I]n order to determine 'improper purpose,' a district court must judge the conduct of counsel under an objective standard of reasonableness rather than assessing subjective intent." Id.

abuse[s] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); see Andrews v. Am.'s Living Ctrs., LLC, 827 F.3d 306, 312 (4th Cir. 2016) (defining clear error); In re Kunstler, 914 F.2d at 520 (reviewing finding of improper purpose for clear error). We have carefully reviewed the parties' briefs and the record on appeal and conclude that the district court did not clearly err in finding Appellants filed their action for an improper purpose.

Finally, Appellants challenge the application of sanctions to Mr. Bailey as a violation of his due process rights. The district court held Mr. Bailey liable for sanctions, jointly and severally with Appellants and Appellants' counsel, concluding that Mr. Bailey represented the true party in interest in this suit and acted as Appellants' alter ego and that piercing the corporate veil was appropriate. Notably, Appellants do not challenge on appeal the district court's piercing of the corporate veil and, therefore, have waived review of that determination. See Suarez-Valenzuela, 714 F.3d at 249. Appellants' failure is fatal to their due process claim. See Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 433 (4th Cir. 2011) (holding that Due Process Clause is not violated when court "exercise[s] personal jurisdiction over an individual [who] would not ordinarily be subject to personal jurisdiction in that court

4

when the individual is an alter ego of a corporation that would be subject to personal jurisdiction in that court") (ellipses and internal quotation marks omitted). Thus, we conclude that the district court did not abuse its discretion in imposing sanctions.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED