*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| JEAN R. KOLLANDER, | ) | |
| | ) | Supreme Court No. S-16064 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-90-06548 CI |
| v. | ) | |
| | ) | O P I N I O N |
| DARYL E. KOLLANDER, | ) | |
| | ) | No. 7185 – July 21, 2017 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Mark Rindner, Judge.

Appearances: Stephen Merrill, Anchorage, for Appellant. David W. Baranow, Law Offices of David Baranow, Anchorage, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

CARNEY, Justice.

## I.     INTRODUCTION

Jean Kollander filed suit in 2012 to reopen a qualified domestic relations order (QDRO) entered pursuant to her 1991 divorce. The superior court dismissed the suit based on laches and awarded full attorney's fees to her former husband, Daryl Kollander. Jean appealed. We affirmed the superior court's substantive decision but remanded for recalculation of attorney's fees in accordance with Alaska Rule of Civil

Procedure 82. On remand the superior court awarded attorney's fees to Daryl based on 60% of his reasonable actual attorney's fees. The court also issued an Alaska Rule of Civil Procedure 11 sanction against Jean's attorney, Stephen Merrill, for filing additional motions after remand that were not well-grounded in fact or based on a reasonable inquiry into the facts. Jean now appeals the attorney's fee award and the Rule 11 sanction against Merrill. We conclude that the superior court did not abuse its discretion either in determining the attorney's fee award or in sanctioning Merrill under Rule 11.

## II.    FACTS AND PROCEEDINGS

Daryl and Jean Kollander married in 1969 and divorced in 1991. The QDRO entered pursuant to their divorce granted each party a share of the other's retirement benefits. Daryl has been receiving monthly payments from Jean's pension since 2001. When Daryl retired in 2007 the federal Office of Personnel Management informed Jean that she would receive her share of Daryl's pension as a lump sum of $22,459.81, paid in monthly installments of $1,796.50. Jean received the final payment in 2008.

In 2012 Jean moved to reopen the QDRO and to hold Daryl in contempt for failing to pay her the marital share of his retirement benefits because she received a lump sum instead of lifetime payments from Daryl's pension. The superior court ruled that Jean's suit was barred by laches, and it awarded full attorney's fees to Daryl. Jean appealed the decision to this court. In *Kollander v. Kollander* (*Kollander I*) we affirmed the superior court's application of laches but, finding the full attorney's fee award unsupported by the record, remanded for recalculation of the attorney's fee award in accordance with Rule 82.[1]

---

[1]    322 P.3d 897, 899 (Alaska 2014).

In June 2014 the superior court held a hearing on remand to reassess the attorney's fee award. At the hearing Daryl asked for enhanced attorney's fees, arguing that the case involved complex issues including laches and "an obscure conspiracy," and that a significant amount of money was at stake. He argued that "all of [Jean's] claims were patently unreasonable" and that Jean had engaged in "vexatious or bad faith conduct" such that the court could award full attorney's fees.

Jean responded by first arguing that the case was disposed of without a trial and so should be subject to a 20 percent default fee under Rule 82, rather than a 30 percent default fee.[2] She next argued that her claim was reasonable and that our decision on the merits in *Kollander I* was "plain wrong." She finally argued that the attorney's fee award should be reduced because an enhanced fee award "would certainly deter a claimant . . . who brings a case, no doubt about it," although she was unable to articulate why she believed that was the case.

The superior court found that Daryl remained the prevailing party and determined that it would apply the Rule 82 schedule for a claim contested with trial. The court departed from the default attorney's fee based primarily on its assessment of the reasonableness of the parties' claims and defenses, pursuant to subsection 82(b)(3)(F). The court found Jean's claims unreasonable due to the lack of evidence to support her arguments and the amount of time that had passed before she brought her claims. Because Jean also denied the legitimacy of this court's decision on appeal and attempted to re-argue the merits of the case, the superior court determined that her argument on

---

[2]     Alaska R. Civ. P. 82(b)(2) ("In cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party in a case which goes to trial 30 percent of the prevailing party's reasonable actual attorney's fees which were necessarily incurred, and shall award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred.").

remand was also unreasonable. The court found Daryl's defense of laches reasonable given the 21-year period between the initial divorce decree and the present claim. The court awarded 60% of Daryl's full and reasonable attorney's fees, including those fees incurred in the first round of litigation and those incurred on remand, but not those incurred in the first appeal to this court.

In May 2015 Daryl's attorney, David Baranow, submitted his fee and cost accounting to the superior court. He listed $8,190.01 for the initial 2012 litigation and $2,062.40 for services provided on remand, and accordingly requested a 60% fee award of $6,061.50. Two days later Merrill sent Baranow an email criticizing the court's treatment of the case and implying that Jean had moved or would move to Central America to avoid paying Daryl. Merrill followed this email with another in June 2015, personally disparaging Baranow. After conferring with Bar Counsel, Baranow provided the court a copy of this correspondence "as a matter of . . . ethical disclosure."

In June 2015 Jean filed a motion for extension of time to reply to Daryl's attorney's fee accounting; Daryl opposed the motion. Jean then filed a motion to void the attorney's fee award, complaining that Baranow's submission to the court of Merrill's emails "foul[ed] this record by trying to jar this Court's objectivity and independence of judgment with a controversial pleading unknown to the law." At a status hearing scheduled after Jean's motion was submitted, she requested that the assigned judge either void the attorney's fee award or recuse himself. The judge found no basis for recusal and denied Jean's motion, noting that the motion "border[ed] on the frivolous." Another superior court judge affirmed his decision.

Jean then moved for the entry of contempt citations and show cause orders against Daryl and Baranow. She asserted that Daryl had perjured himself at trial by stating that he did not receive a disputed home-closing document from Wells Fargo Bank. The court investigated these allegations and found that the document, which Jean

claimed Daryl had obtained from Wells Fargo prior to a 2012 evidentiary hearing, was actually provided to Daryl and Baranow by Merrill himself: Merrill had attached the document to one of his reply briefs. The court therefore denied Jean's motions and ordered Merrill to show cause why he should not be sanctioned under Rule 11 for submitting motions based on untrue information.

At an August 2015 show cause hearing, for which Merrill failed to appear, the court found that Merrill should have known that his statements regarding the home document were "factually . . . incorrect, untrue, [and] false." Having concluded that Merrill violated Rule 11(b)(3), which requires factual claims in court filings to have evidentiary support, the court also found that the motions were submitted for an "improper purpose" — to increase litigation costs — in violation of Rule 11(b)(1). As a sanction for the Rule 11 violation, the court ordered Merrill personally to pay the full attorney's fees incurred in responding to the motions.

On August 31 Merrill moved to reopen the Rule 11 sanction proceedings, stating that he was outside of Alaska for depositions and had not received the show cause order until after the August hearing. The court granted his request and set another hearing for October 2015.

Merrill failed to appear again for the October hearing. The court's findings at the October hearing mirror the findings from the August hearing. Because Merrill had failed to review his own case file before submitting the motions, the superior court found that he did not make a reasonable inquiry into the factual basis of the motions. The court said that had Merrill reviewed his case file at any time before filing the motions to hold Daryl and Baranow in contempt, Merrill would have discovered the lack of evidentiary support for the motions. The court therefore reiterated its order requiring Merrill to pay Baranow the full amount of attorney's fees incurred in responding to the motions.

Jean now appeals the award of enhanced attorney's fees under Rule 82 and the Rule 11 sanction imposed against Merrill.[3]

## III.  STANDARDS OF REVIEW

"We review awards of attorney's fees for abuse of discretion and will reverse 'if the award is arbitrary, capricious, manifestly unreasonable, or improperly motivated.' "[4]  In granting an attorney's fee award, "[t]he determination of which party is the prevailing party is . . . subject to the trial court's discretion and is reviewable only for abuse of discretion."[5]

---

[3]      Jean makes two additional arguments in her brief, both cursory and unsupported by authority.  She argues that the court engaged in "the illegitimate practice of trying to evade its obligation to make factual findings" and that she was "asked by the Superior Court for her help in fixing the record for him and to thereby give up a second appeal [sic]."  These assertions appear to refer to the court's initial statement, after presenting detailed oral findings, that it would not require written findings and that if Daryl chose to put the findings in writing he could not include that expense in his accounting of attorney's fees.  When Jean objected and specifically requested written findings, the court stated that the expense of writing up the findings could be included in Daryl's attorney's fees if the findings were written up at Jean's request.  Because Jean addresses these issues only cursorily and does not cite to authority for either argument, we consider them waived.  *State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 528 (Alaska 1980) ("When, in the argument portion of a brief, a major point has been given no more than cursory statement, we will not consider it further.  Failure to argue a point constitutes an abandonment of it.").

Jean also questions, in her Issues Raised on Appeal, whether the superior court complied with our initial remand order.  Although we need not address this question, we note that the superior court did comply with our remand order in reassessing its award of attorney's fees pursuant to Rule 82.

[4]      *Roderer v. Dash*, 233 P.3d 1101, 1106 (Alaska 2010) (quoting *Rhodes v. Erion*, 189 P.3d 1051, 1053 (Alaska 2008)).

[5]      *Fink v. Municipality of Anchorage*, 379 P.3d 183, 188 (Alaska 2016) (citing (continued...)

-6-                                          **7185**

"We review the award of sanctions under Rule 11 for abuse of discretion"[6] and will "review[] all factors relevant to the issue of whether the attorney's inquiry into facts and law was reasonable under an abuse of discretion standard."[7]

## IV. DISCUSSION

### A. Legal Background

#### 1. Alaska Rule of Civil Procedure 82

Rule 82 entitles the prevailing party in a civil suit to recover a percentage of reasonable attorney's fees.[8] The rule establishes a schedule of default fee awards depending on whether the prevailing party recovered a money judgment and whether a trial was held.[9] A court may depart from these default amounts upon consideration of certain factors outlined in subsection 82(b)(3), including the length of the trial, the complexity of the case, the reasonableness of the parties' claims and defenses, and "other equitable factors deemed relevant."[10] We have stated that "[i]n general, a trial court has broad discretion to award Rule 82 attorney's fees in amounts exceeding those prescribed

---

[5] (...continued)
*Cont'l Ins. Co. v. U.S. Fid. & Guar. Co.*, 552 P.2d 1122, 1125 (Alaska 1976)).

[6] *Alaska State Emps. Ass'n v. Alaska Pub. Emps. Ass'n*, 813 P.2d 669, 671 (Alaska 1991) (citing *Keen v. Ruddy*, 784 P.2d 653 (Alaska 1989)).

[7] *Id.* (quoting *Keen*, 784 P.2d at 658).

[8] Alaska Civil Rule 82(a) provides: "Except as otherwise provided by law or agreed to by the parties, the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule."

[9] Alaska R. Civ. P. 82(b).

[10] Alaska R. Civ. P. 82(b)(3).

by the schedule of the rule, so long as the court specifies in the record its reasons for departing from the schedule."[11]

### 2. Alaska Rule of Civil Procedure 11

Alaska Civil Rule 11 provides, in pertinent part:

By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .[12]

The rule is intended to minimize waste of party and judicial resources by deterring claims that "a modicum of investigation" would have revealed to be untenable.[13]

---

[11]    *Kollander I*, 322 P.3d 897, 907 (Alaska 2014) (alteration in original) (quoting *Johnson v. Johnson*, 239 P.3d 393, 400 (Alaska 2010)).

[12]    Alaska R. Civ. P. 11(b).

[13]    *See Foster v. Michelin Tire Corp.*, 108 F.R.D. 412, 415 (C.D. Ill. 1985). We have relied on federal decisions to interpret Alaska Civil Rule 11. *See, e.g.*, *Alaska Fed. Sav. & Loan Ass'n of Juneau v. Bernhardt*, 794 P.2d 579, 583 (Alaska 1990) (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir.1986); *Golden Eagle Distrib.*
(continued...)

An attorney need not have engaged in subjective bad faith or willful misconduct to incur Rule 11 sanctions.[14] To comport with Rule 11 "an attorney is obliged to make objectively reasonable efforts to ascertain the facts of the case before making assertions of fact in court documents."[15] Rather than inquiring into an attorney's good faith, courts must determine "whether there was a reasonable basis for the attorney's signature at the time the paper was submitted."[16] As a U.S. District Court has noted, "[w]here . . . a plaintiff has made no inquiry or has made an inquiry that has revealed no information supporting a claim, the inquiry is *ipso facto*[] not reasonable."[17]

**B.      The Superior Court Did Not Abuse Its Discretion Under Rule 82 In Awarding 60% Attorney's Fees To Daryl On Remand.**

Jean presents several iterations of her argument that the superior court abused its discretion in awarding Daryl 60% of his reasonable attorney's fees. She asserts that the court "change[d] on its whim Rule 82" and engaged in "open, arbitrary lawmaking" in violation of the principle of separation of powers. She questions whether the record contains sufficient evidence to award 60% attorney's fees and whether the increased attorney's fee award is "warranted in the absence of extraordinary

---

[13]      (...continued)
*Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir.1986); 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1334 (2d ed. Supp. 1987)).

[14]      *Luedtke v. Nabors Alaska Drilling, Inc.*, 834 P.2d 1220, 1228 (Alaska 1992) (citing *Alaska Fed.*, 794 P.2d at 583).

[15]      *Copeland v. State*, 70 P.3d 1118, 1122 (Alaska App. 2003) (citing *Tyler v. State*, 47 P.3d 1095, 1100 (Alaska App. 2001)).

[16]      *Luedtke*, 834 P.2d at 1228 (citing *Alaska Fed.*, 794 P.2d at 583).

[17]      *Foster*, 108 F.R.D. at 415.

circumstances not present in this record." She further argues that her claims were not unreasonable and do not warrant an award of increased attorney's fees under Rule 82.[18]

The superior court based its attorney's fee award largely on one factor: the reasonableness of the parties' claims and defenses. During the hearing on remand Jean attempted to re-litigate the merits of the case — in particular, her claim that her signature on certain home-sale documents was forged — by asserting that our decision in *Kollander I* was erroneous and based on a "false analysis." Once again, in an effort to demonstrate that the record does not support an award of enhanced attorney's fees under Rule 82, Jean continues to argue on appeal that the forgery allegation made at trial in 2012 was not unreasonable. She points to allegedly suspicious omissions in the relevant paperwork and claims that Daryl had the ability and opportunity to forge her signature.

But we have already affirmed the superior court's finding that Jean's claim was barred by laches.[19] Our prior determination is the law of the case,[20] and Jean's argument to the contrary is manifestly unreasonable. Furthermore, regardless of our prior determination, those claims are unreasonable for lack of evidentiary support.

---

[18]     Jean also argues that Rule 82(b)(3)(F) "should be interpreted as requiring a frivolous or very near frivolous claim to be made" before a court may increase attorney's fees above the statutory schedule. Jean neither expands on this last argument nor cites to any authority for her proposition, so we consider that argument waived. *State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 528 (Alaska 1980).

[19]     *Kollander I*, 322 P.3d 897, 899 (Alaska 2014).

[20]     *E.g.*, *Beal v. Beal*, 209 P.3d 1012, 1016 (Alaska 2009) ("The law of the case doctrine . . . generally 'prohibits the reconsideration of issues which have been adjudicated in a previous appeal in the same case.' . . . The law of the case doctrine applies not only to issues explicitly addressed and decided in a prior appeal but also to issues 'directly involved . . .' in a prior appellate decision . . . ." (footnotes omitted) (quoting *State Commercial Fisheries Entry Comm'n v. Carlson*, 65 P.3d 851, 859 n.52 (Alaska 2003))).

Testimony from the bank agent who dealt with the contested home closing in no way suggests fraud or perjury on Daryl's part. Indeed, the agent testified that there was nothing remarkable or unusual about the home closing or the clerical discrepancies Jean cites as evidence of fraud. Nothing else in the record supports Jean's contentions. The superior court's determination that Jean's claims were not reasonable was not erroneous.

In observing that Daryl's defense of laches was reasonable, the superior court noted the amount of time that had passed between the alleged injury and Jean's bringing suit and the prejudice occasioned by "the delay and the lack of exhibits" in Jean's claim of forgery. Again, we have already affirmed the reasonableness of Daryl's laches defense in our affirmation of the superior court's decision on the merits in *Kollander I*.[21] Because Jean's claim was unreasonable and Daryl's defense was reasonable, the court's decision to award Daryl 60% attorney's fees was not an abuse of discretion.

### C. Jean Waived The Argument That The Superior Court Abused Its Discretion In Including Post-Remand Attorney's Fees In Its Attorney's Fee Award.

Jean argues that the court erred in including post-remand attorney's fees in its attorney's fee award. She reasons that because the attorney's fee award was ultimately reduced, she was the prevailing party on remand and Daryl should not be awarded that portion of attorney's fees. Jean has not cited to any precedent to support her argument, nor did she raise the issue of post-remand attorney's fees in her statement of points on appeal. We therefore consider her argument waived.[22]

---

[21] *Kollander I*, 322 P.3d at 903-06.

[22] *Hootch v. Alaska State-Operated Sch. Sys.*, 536 P.2d 793, 808 n.58 (Alaska 1975) ("A point omitted from appellants' statement of points on appeal ordinarily will not be considered by this court. Appellate Rule 9(e) provides: The appellant shall serve
(continued...)

We note, however, that even if she had not waived the argument, her assertion that she was the prevailing party on remand is without merit. We have previously noted that "prevailing party" status does not necessarily depend on recovery, but rather depends on "which party prevails on the main issues."[23] Because Daryl prevailed on the merits both at trial and on appeal, and the merits of the case were no longer at issue on remand, the superior court's determination that Daryl was the prevailing party was not unreasonable.

**D.      The Superior Court Did Not Abuse Its Discretion In Sanctioning Merrill Under Rule 11.**

**1.      Rule 11 requires a reasonable inquiry into the factual basis of a motion and cannot be satisfied by a showing of good faith.**

Citing to the Ninth Circuit case *Barber v. Miller*, Jean asserts that a Rule 11 sanction may be issued sua sponte only for conduct "akin to an act of contempt of court" and not for "simple mistakes of law or fact."[24] But Alaska has not adopted this approach, and Alaska's Rule 11 cannot be satisfied by a mere showing of good faith.[25] The court

---

[22]      (...continued)
and file with his designation a concise statement of the points on which he intends to rely on the appeal. The court will consider nothing but the points so stated.").

[23]      *Alaska Constr. & Eng'g, Inc. v. Balzer Pac. Equip. Co.*, 130 P.3d 932, 935-36 (Alaska 2006) (quoting *Cont'l Ins. Co. v. U.S. Fid. & Guar. Co.*, 552 P.2d 1122, 1125 (Alaska 1976)).

[24]      *See* 146 F.3d 707, 711 (9th Cir. 1998) (first citing *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1329 (2d Cir. 1995); then citing FED. R. CIV. P. 11 advisory committee's note to 1993 amendment).

[25]      *Keen v. Ruddy*, 784 P.2d 653, 658 (Alaska 1989) (holding that Alaska Civil Rule 11 "creates an objective standard of 'reasonableness under the circumstances,' and is intended to be more stringent than a mere 'good faith' formula" (quoting *Golden Eagle Distrib. Cor. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986))); *Tyler v. State*,
(continued...)

of appeals has held that Rule 11 imposes on attorneys "an obligation to make objectively reasonable efforts to ascertain the facts of the case before making assertions of fact in court documents."[26]

The superior court found that Merrill made no inquiry at all into the factual basis of his motions accusing the opposing party and counsel of dishonesty. Merrill himself admits, albeit obliquely, that he did not conduct an inquiry into the existence of the contested document. Merrill's failure to conduct any inquiry, reasonable or otherwise, into the factual basis of his contempt and show cause motions supports the superior court's decision to sanction him under Rule 11.

Jean also argues that because her underlying claim of perjury has merit, the patently false allegations in the motions should be overlooked. But we have already determined that the perjury claim was barred by laches.[27]

---

[25]  (...continued)
47 P.3d 1095, 1100-01, 1109 (Alaska App. 2001) (rejecting bad faith standard for Rule 11 sanction and sanctioning attorney despite assumption that attorney did not subjectively intend to mislead the court).

Federal courts requiring subjective bad faith "akin to a contempt of court" do so based on the federal rule's safe harbor provision for party-initiated sanctions, which does not exist in Alaska Civil Rule 11. *Compare* Fed R. Civ. P. 11(c), *with* Alaska R. Civ. P. 11. *See In re Bees*, 562 F.3d 284, 287 (4th Cir. 2009) ("Because a sua sponte order to show cause does not provide an attorney with Rule 11's twenty-one day safe harbor provision, . . . 'a court is obliged to use extra care in imposing [sua sponte] sanctions on offending lawyers.' " (quoting *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 151 (4th Cir. 2002) (alteration in original)) (citing Fed. R. Civ. P. 11(c)(2))); *Barber*, 146 F.3d at 711 (noting link between federal safe harbor provision and heightened requirement for sua sponte sanctions).

[26]  *Tyler*, 47 P.3d at 1100.

[27]  *Kollander I*, 322 P.3d 897, 906 (Alaska 2014). We also note that Jean has
(continued...)

-13-                                                                         **7185**

The sanctioned motions in this case explicitly relied on the home-closing document as the basis for Daryl's alleged contempt. Merrill demonstrably failed to conduct a reasonable inquiry into the source of that document, in violation of the requirements of Alaska Rule 11.[28] The superior court, therefore, did not abuse its discretion in sanctioning this conduct.

### 2. Merrill was not sanctioned for "improper purpose" alone.

Jean also asserts that the superior court sanctioned Merrill solely for having an improper purpose in filing the motions, and that a sanction for improper purpose without a concurrent finding of frivolousness amounts to "assessing the thoughts and motivations of counsel with a view . . . toward punishing those thoughts alone." She argues that "improper purpose" cannot be the sole basis for a Rule 11 sanction; rather, improper purpose must be found in conjunction with a determination that the attorney's filing was frivolous. Her argument is inapposite.

The superior court stated that the basis for its sanction was Rule 11(b)(3), which required Jean's submission to have evidentiary support or a likelihood thereof.[29]

---

[27] (...continued)
pointed to no evidence in the record to support her underlying claim of perjury. In particular, as noted above, the bank agent's trial testimony in no way suggests fraud or perjury on Daryl's part. The superior court found Daryl's version of events credible in 2012, and we defer to its credibility determination. *Whitesides v. State, Dep't of Pub. Safety, Div. of Motor Vehicles*, 20 P.3d 1130, 1136-37 (Alaska 2001) (observing that "[t]his court consistently grants deference to trial courts where credibility is at issue" (citing *Kohl v. Legoullon*, 936 P.2d 514, 518 n.5 (Alaska 1997))).

[28] *See Tyler*, 47 P.3d at 1100; *Keen*, 784 P.2d at 658.

[29] Alaska R. Civ. P. 11(b)(3) provides, "By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the
(continued...)

Jean does not address the court's Rule 11(b)(3) finding; instead, she discusses only the standard for an "improper purpose" sanction under Rule 11(b)(1). Although the superior court did find that Merrill filed the motions for an improper purpose,[30] the primary basis for the sanctions was, and is, Rule 11(b)(3). Jean's argument that the superior court erred in sanctioning Merrill for improper purpose alone is therefore without merit.

## V.     CONCLUSION

We AFFIRM the superior court's Rule 82 attorney's fee award to Daryl and its Rule 11 sanction of Merrill.

---

[29]     (...continued)
circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . ."

[30]     Based on "the nature of the particular motions," "the tone of the pleadings," and the fact that Merrill was the source of the document, the court found that Merrill had submitted the motions, at least in part, in order to increase the cost of litigation.