BOLGER, Justice,
dissenting.
Alaska Civil Rule 11 authorizes sanctions if a pleading or filing is not “warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.” This court has held that “[t]he Rule creates an objective standard of ‘reasonableness under the circumstances,’ and is intended to be more stringent than a mere ‘good faith’ formula.” [1] In so holding, this court has largely adopted federal Rule 11 precedent, which defines a frivolous claim in violation of Rule 11 as one that has “absolutely no chance of success.”[2] And because federal law allows for sanctions if claims meet this definition,[3] this court has adopted a standard that equates frivolity with a lack of merit.[4]
In this case, Alaska Building has never supplied an argument suggesting that its claim had any chance of success. In response to 716 West Fourth’s motion to preclude this claim, Alaska Building merely argued, that approval of this claim was “something the judiciary can do to address [the] corruption and the chilling of public interest litigation as a result of the Legislature’s abrogation of [the] public interest litigant exception to [Alaska] Civil Rule 82.” But saying that this claim was “something the judiciary can do” did not suggest a legal theory with any potential for success. Even the most outrageous claim could be characterized as “something the judiciary can do.”
The superior court thus concluded that Alaska Building’s claim was frivolous:
Here, there is no statutory authority that would allow this court to create such an incentive, and [Alaska Building] does not provide any legal theory upon which this court could justify creating new law.
I agree with this conclusion. Alaska Building made a claim without any legal theory to support it, a claim with absolutely no chance of success.
Many Rule 11 decisions evaluate an attorney’s conduct by comparing it to a hypothetical “reasonable” or “competent” attorney who, after a “reasonable inquiry” under the circumstances, would not bring a claim that was not “well grounded in fact,” supported by existing law, or justified by “a good faith argument for the extension, modification or reversal of existing law.”[5] As we recently explained:
An attorney need not have engaged in subjective bad faith or willful misconduct to incur Rule 11 sanctions.... Rather than inquiring into an attorney’s good faith, courts must determine “whether there was a reasonable basis for the attorney’s signature at the time the paper was submitted.”
*1141 As a U.S. District Court has noted, “[w]here ... a plaintiff has made no inquiry or has made an inquiry that has revealed no information supporting a claim, the inquiry is ipso facto[ ] not reasonable.” [6]
Therefore, we must look at the inquiry results to determine whether there is a reasonable basis for an attorney’s claim.
In the present case, Alaska Building’s attorney did not uncover any reasonable basis for its claim by either research or inquiry. At his deposition, Alaska Building’s attorney was asked about any statutory basis for Alaska Building’s claim; he replied there was none. He specifically agreed that this was not a statutory qui tam claim. And when asked whether he had found common law support, he replied that he had not found any: “Well, not yet anyway. So ... it’s possible I’ll come up with some [support], but I haven’t found ... any yet,”
In my opinion, the record supports the superior court’s decision. Alaska Building made up this claim without any legal research to support it. The claim itself has no legal basis, and thus had absolutely no chance of success. I would affirm the superi- or court’s decision to grant a modest award of attorney’s fees as an appropriate sanction to discourage this type of claim.

. Keen v. Ruddy, 784 P.2d 653, 658 (Alaska 1989) (quoting Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1536 (9th Cir.1986)).

. Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir. 1991) (noting that a violation of Rule 11 occurs "where the complaint has 'absolutely'no chance of success under the existing precedent’" (quoting Cleveland Demolition Co. v. Azcon Scrap Corp., 827 F.2d 984, 987 (4th Cir. 1987))); Eastway Const. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985) (noting that sanctions are appropriate "where it is patently clear that a claim has absolutely no chance of success”), superseded by rule on other grounds as stated in Sorenson v. Wolfson, 683 Fed.Appx. 33 (2d Cir. 2017).

. See Eastway, 762 F.2d at 254.

. See Alaska State Emps. Ass'n v. Alaska Pub. Emps. Ass'n, 813 P.2d 669, 672 (Alaska 1991) ("ASEA’s position was not so devoid of merit as to justify the imposition of sanctions.”).

. Eastway, 762 F.2d at 254 (emphasis omitted) (footnote omitted) ("[Sjanctions shall be imposed against an attorney and/or his client when it appears that a pleading has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.”).

. Kollander v. Kollander, 400 P.3d 91, 96, Op. No. 7185, 2017 WL 3122385 (Alaska July 21, 2017) (second, third and fourth alterations in original) (footnotes omitted) (first quoting Luedtke v. Nabors Alaska Drilling, Inc., 834 P.2d 1220, 1228 (Alaska 1992); then quoting Foster v. Michelin Tire Corp., 108 F.R.D. 412, 415 (C.D. Ill. 1985)).