*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| JONATHAN FOX, | ) | |
| | ) | Supreme Court No. S-16996 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-17-09987 CI |
| v. | ) | |
| | ) | O P I N I O N |
| GARY GRACE and | ) | |
| SHANNON GRACE, | ) | No. 7325 – December 28, 2018 |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances: Jonathan Fox, pro se, Yakutat. Herbert M. Pearce, Law Offices of Herbert M. Pearce, Anchorage, for Appellees.

Before: Winfree, Stowers, Maassen, and Carney, Justices. [Bolger, Chief Justice, not participating.]

CARNEY, Justice.

## I.   INTRODUCTION

The superior court denied a father's motion to modify custody because it did not believe it had subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) to modify an Oregon custody order.[1] The

---

[1]     Alaska has adopted and codified the UCCJEA in AS 25.30.300-.910.

father appeals, arguing that the superior court erred in failing to consider the controlling statute that governs the court's jurisdiction to modify an out-of-state order.

We agree. The controlling statute, AS 25.30.320, allows the superior court to modify an out-of-state custody order if it "determines that neither the child, nor a parent, nor a person acting as a parent presently resides in the other state." It does not appear from the record that the superior court considered this subsection of the statute. We therefore vacate the superior court's order denying the motion to modify for lack of jurisdiction.

The father also appeals an order imposing sanctions, including costs and attorney's fees. Because that order is premised on the court's jurisdictional ruling, we also vacate the sanctions order.

## II.    FACTS AND PROCEEDINGS

In October 2017 Jonathan Fox registered in the superior court an original custody order and two supplemental judgments that modified the original custody order, all entered by an Oregon state court. These judgments established visitation for Fox's parents, Gary and Shannon Grace, with Fox's two children.

In early January 2018 the Oregon court held a hearing to address motions filed by the Graces to modify custody and to hold Fox in contempt for missed visitation days over winter break. The Oregon court denied the motion to modify but added spring break visitation to make up for missed days. Fox then filed an expedited motion in the Alaska superior court to modify the visitation established in the Oregon custody orders. He argued that the Graces were no longer able to provide adequate care for the children and requested that the court "discontinue compulsory grandparent visitation."

On January 30 the superior court entered an order stating it "[did] not have jurisdiction to modify the current custody order issued by the Oregon Court." Shortly thereafter the court entered an expanded order explaining that it read the Oregon orders

to "establish that the Oregon Court exercised initial jurisdiction over [the children]," and that "[t]he most recent order . . . demonstrates that the Oregon Court retained continuing and exclusive jurisdiction . . . ." The court explained it could enforce an out-of-state order registered with the court, but AS 25.30.320 did not permit it to supersede or modify an out-of-state order unless the issuing state had released jurisdiction.[2]

A few days later the Graces filed a motion requesting sanctions pursuant to Alaska Civil Rule 11(b).[3] The Graces argued to the superior court that because a

---

[2] Alaska Statute 25.30.320 permits Alaska courts to modify out-of-state custody orders only if two requirements are met: first, an Alaska court must have jurisdiction to enter an initial custody determination; and second, either the other state's court must determine it no longer has continuing and exclusive jurisdiction or that Alaska would be a more convenient forum, or an Alaska court must "determine that neither the child, nor a parent, nor a person acting as a parent" resides in the other state.

[3] Alaska Civil Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

recent custody and visitation order from the Oregon court "specifically addressed the issue of jurisdiction and required the parties to submit to mediation prior to the filing of any new motion," Fox and his counsel should be sanctioned for failing to advise the superior court of that order in their pleadings. The Graces attached a copy of a January 2018 order entered by the Oregon court, which stated that "jurisdictional arguments made by Respondent [Fox] are denied." The Graces argued that Rule 11 sanctions were appropriate because Fox and his counsel were aware of this order but did not notify the superior court of the order.

On February 5 Fox filed a motion for reconsideration of the court's order denying his motion to modify for lack of jurisdiction. Fox argued that the requirements of AS 25.30.320 were satisfied, authorizing the court to modify the Oregon order. Fox stated that the superior court had jurisdiction to make an initial custody determination as required by the first part of AS 25.30.320.[4] He then argued that neither of the children, neither parent, nor any person acting as a parent as defined by statute resided in Oregon, and, as a result, the court could exercise jurisdiction pursuant to AS 25.30.320(2). Fox attested in an affidavit that he and his two children had resided in Alaska since December 2016. The superior court denied Fox's motion for reconsideration the day after he filed it.

Fox also opposed the Graces' motion for Rule 11 sanctions. He argued that he had advised the superior court of the January 2 hearing and associated rulings in his memorandum in support of the motion. The Graces' reply emphasized that Fox had not disputed "the fact that the Oregon Order demonstrated that the Oregon Court had already addressed . . . [Fox]'s arguments regarding jurisdiction and denied them." (Emphasis

---

[4] *See* AS 25.30.320 (requiring an Alaska court to have jurisdiction to make an initial custody determination under AS 25.30.300(a)(1), (2), or (3) before it can modify another state's custody order).

omitted.) The Graces asserted "there was no good faith argument to be made by . . . [Fox] that Alaska had jurisdiction to modify the Oregon Order." They also stated that they "[had been] determined to have established a 'child-parent' relationship under Oregon Law."

In mid-February the superior court entered an order sanctioning Fox's attorney $500; the order stated that Fox's motion "failed entirely to address jurisdiction. The motion was not filed in good faith as the purpose of the motion was to entirely circumvent the Oregon Court's order."

Fox appeals the superior court's order denying his motion to modify for lack of jurisdiction and the order imposing Rule 11 sanctions. He also asserts that the court's orders infringe on his and his children's constitutional rights.[5] Fox represents himself on appeal.

## III. STANDARD OF REVIEW

"Whether a court can exercise jurisdiction under the UCCJEA is a question of law, which we review de novo."[6] "We review the award of sanctions under Rule 11 for abuse of discretion . . . ."[7]

## IV. DISCUSSION

### A. It Was Error For The Superior Court Not To Consider Whether It Had Subject Matter Jurisdiction Under AS 25.30.320(2).

Alaska Statute 25.30.320 provides:

---

[5] Because the superior court's orders did not implicate constitutional questions, and because we remand the case for consideration of potential jurisdiction under AS 25.30.320(2), we do not consider Fox's constitutional claims.

[6] *Steven v. Nicole*, 308 P.3d 875, 879 (Alaska 2013).

[7] *Kollander v. Kollander*, 400 P.3d 91, 95 (Alaska 2017) (quoting *Alaska State Emps. Ass'n v. Alaska Pub. Emps. Ass'n*, 813 P.2d 669, 671 (Alaska 1991)).

Except as otherwise provided in AS 25.30.330, a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under AS 25.30.300(a)(1), (2), or (3) and

(1) the court of the other state determines it no longer has exclusive, continuing jurisdiction under provisions substantially similar to AS 25.30.310 or that a court of this state would be a more convenient forum under provisions substantially similar to AS 25.30.360; *or*

(2) a court of this state *or* a court of the other state determines that neither the child, nor a parent, nor a person acting as a parent presently resides in the other state.

(Emphasis added.) The subsections of the statute provide alternative bases for jurisdiction, allowing the superior court to exercise jurisdiction if either basis is satisfied.[8] If the court determines that one basis does not exist, it must still determine whether the other one does.

The Alaska court must first determine whether it would have jurisdiction to make an initial custody determination.[9] The parties agree that this requirement is met. There is no evidence that the Oregon court determined it no longer has exclusive, continuing jurisdiction pursuant to subsection (1); in fact the January 2018 order indicates that the Oregon court believed it retained exclusive, continuing jurisdiction. But Fox's motion was based upon subsection (2): he argued that the court was presented with evidence that neither the children, the children's parents, nor persons acting as

---

[8] *See Robertson v. Riplett*, 194 P.3d 382, 385-86 (Alaska 2008) (explaining that jurisdiction exists if either of the two sets of conditions established by AS 25.30.320 are met).

[9] AS 25.30.320. *See also* AS 25.30.300(a)(1)-(3) (providing bases for an Alaska court to exercise jurisdiction to make an initial custody determination).

parents[10] presently reside in Oregon.[11] The Graces argue that the Oregon court "elected to maintain continuing and exclusive jurisdiction regarding issues pertaining to custody and visitation" because it found that a "child-parent relationship"[12] existed between the Graces and the children. But Fox correctly points out that this does not establish that the Graces were persons acting as parents under Alaska law.[13]

The superior court does not appear to have considered either Fox's assertion that "no child, parent, or person acting as a parent lives in Oregon" or his argument that a "child-parent relationship" under Oregon law is distinct from "person acting as a parent" status under Alaska law. We therefore vacate the court's order

---

[10] AS 25.30.909(13) defines the term "person acting as a parent" as:

a person, other than a parent, who

(A) has physical custody of a child or has had physical custody for a period of six consecutive months, including temporary absence, within one year immediately before the commencement of a child custody proceeding; and

(B) has been awarded legal custody by a court or claims a right to legal custody under the law of this state . . . .

[11] *See* AS 25.30.320(2).

[12] *See* Or. Rev. Stat. Ann. § 109.119(1) (West 2018) ("Except as otherwise provided . . . , any person . . . who has established emotional ties creating a child-parent relationship . . . with a child may petition or file a motion for intervention with the court having jurisdiction over the custody, placement or guardianship of that child . . . .").

[13] *Compare* Or. Rev. Stat. Ann. § 109.119(10)(a) (defining "child-parent relationship"), *with* AS 25.30.909(13) (defining "person acting as a parent"). The Oregon court's finding is not jurisdictional; it is rather a basis for a third-party's right to intervene in a child custody matter. Or. Rev. Stat. Ann. § 109.119(1) (West 2018). As the superior court's order did not address whether the Graces are persons acting as parents under AS 25.30.320(2), we do not reach the merits of that question here.

denying Fox's motion and remand the matter for further consideration.[14]

**B.** **We Vacate The Rule 11 Sanctions Order Because It Was Premised On The Superior Court's Incomplete Jurisdictional Analysis.**

The superior court sanctioned Fox and his attorney after concluding the motion to modify had been filed in bad faith in order to circumvent the Oregon court's order. The superior court's conclusion was premised upon its incomplete consideration of Fox's jurisdictional arguments under AS 25.30.320(2). Because of this mistaken premise the sanctions order constitutes an abuse of discretion and must be vacated.[15]

## V. CONCLUSION

We VACATE the superior court's orders declining to exercise jurisdiction over the motion for modification and imposing Rule 11 sanctions and REMAND for further proceedings consistent with this opinion.

---

[14] Because the court denied Fox's motion without providing the parties the opportunity to brief this jurisdictional issue and before an adequate factual record was developed, we express no opinion on the merits of whether the court has subject matter jurisdiction pursuant to AS 25.30.320(2).

[15] *See Kollander v. Kollander*, 400 P.3d 91, 95 (Alaska 2017). We also take this opportunity to remind courts that they must follow the mandates of Alaska Civil Rule 95 before issuing a sanctions order pursuant to Rule 11, including issuing an order to show cause and providing for the opportunity to be heard at a hearing. *See Luedtke v. Nabors Alaska Drilling, Inc.*, 834 P.2d 1220, 1227-28 (Alaska 1992) (holding the superior court erred in imposing Rule 11 sanctions of costs and attorney's fees both because the superior court had not clearly stated its reasons for imposing the sanction and because "Luedtke should have been given the opportunity to contest the sanction award at a hearing"); *Esch v. Superior Court of Third Judicial Dist.*, 577 P.2d 1039, 1042-43 (Alaska 1978) (holding the superior court had erred in imposing a fine under an earlier version of Rule 95 because it had "failed to give specific notice of its intention to impose a sanction" as required by the rule).