**CITY OF YONKERS and Yonkers Community Development Agency, Plaintiffs,**

v.

**OTIS ELEVATOR COMPANY and United Technologies Corporation, Defendants.**

**No. 83 Civ. 5944 (JES).**

United States District Court, S.D. New York.

July 1, 1985.

---

See also 607 F.Supp. 1416.

Vito J. Cassan, New York City, for plaintiffs; John D. Calamari, Joseph M. Perillo, Peter M. Levine, New York City, of counsel.

Wachtell, Lipton, Rosen & Katz, New York City, for defendants; Robert B. Mazur, Barry A. Weprin, New York City, of counsel.

## OPINION & ORDER

SPRIZZO, District Judge:

Defendants Otis Elevator Company and United Technologies Corporation seek the imposition of sanctions pursuant to Rule 11, based upon the assertion by plaintiffs of a fraud claim which defendants contend lacked any good-faith basis in fact.

Defendants have supported their application for Rule 11 sanctions with appropriate affidavits as directed by the Court. Those affidavits reflect that not only was there no factual basis for any claim of fraud in this case, but also that plaintiffs unjustifiably refused to dismiss the fraud claim, although presented by defendants with the opportunity to do so early in the litigation.

The papers and affidavits submitted by the defendants are more than sufficient to persuade the Court that the plaintiffs' allegations of fraud had no basis in fact, were clearly in violation of Rule 11, and that the plaintiffs were afforded an ample opportunity to withdraw those allegations and unjustifiably refused to do so. As a consequence, the defendants incurred needless expense in moving to dismiss plaintiffs' fraud claim. It was only after defendants' motion was brought that plaintiffs finally consented to withdraw the fraud claim.

The plaintiffs object to the imposition of sanctions pursuant to Rule 11, arguing principally that they were entitled to discovery to ascertain whether or not there was a factual predicate, not only for their allegations of fraud, but also for their claim of equitable estoppel. Plaintiffs' argument, however, ignores the objectives to be achieved by Rule 11 sanctions.

Rule 11 is designed to insure that allegations made in a complaint drafted by a member of the bar of this Court are supported by a sufficient factual predicate *at the time that the claims are asserted.* It is thus no answer to a motion seeking Rule 11 sanctions for asserting a baseless claim of fraud to suggest that plaintiffs needed discovery to ascertain whether the claim asserted was well founded. It follows that the defendants' application for Rule 11 sanctions must be granted. *See Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 252–54 (2d Cir. May 21, 1985) (stating, *inter alia,* that "the language of the new Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reason-

able inquiry into the viability of a pleading before it is signed'').

Plaintiffs and their counsel are therefore ordered to pay $5,000 to defendants as appropriate costs for what the Court finds to be a flagrant and willful violation of Rule 11. In view of the obligations imposed on counsel by Rule 11, the Court directs that the $5,000 be paid jointly by plaintiffs and plaintiffs' counsel. *See id.* at 253–54.

It is SO ORDERED.