**Greg FOSTER, Administrator of the Estate and Personal Representative of the Deceased, Aanghell McComb, Plaintiff,**

**v.**

**MICHELIN TIRE CORP., a New York corporation; Goodyear Tire & Rubber Co., an Ohio corporation; Firestone Tire & Rubber Co., an Ohio corporation; Refrigerated Transport Co., Inc., a Georgia corporation, Defendants.**

No. 85–3190.

United States District Court,
C.D. Illinois,
Springfield Division.

Dec. 12, 1985.

Robert Auler, Urbana, Ill., for plaintiff.

John B. Carothers III, Kathryn A. Knue, Chicago, Ill., for defendants.

## OPINION

MILLS, District Judge:

When an attorney signs a complaint, he "certifies" that he has made "reasonable inquiry" into the factual grounds for the allegation.

Rule 11 has been violated here.

No "reasonable inquiry" was made by Plaintiff's counsel as to Firestone.

Sanctions will be imposed.

Specifically, Defendant Firestone Tire & Rubber Company (Firestone) appeals from the United States Magistrate's order declining to find that Plaintiff violated Fed.R. Civ.P. 11. The appeal is brought pursuant to 28 U.S.C. § 636(b)(1)(A). In accordance with Local Rule 18(b)(2), the Court has made a *de novo* review of the Magistrate's decision and hereby reverses.

### *Facts*

Plaintiff's decedent, a passenger on a bus traveling through New York State, was killed when the bus collided with a tractor trailer on January 21, 1983. Precisely two years from the date of the accident, the Plaintiff filed a wrongful death action in this Court against the bus company, the manufacturers of the bus's brakes and brake linings, the manufacturer of the tractor trailer, the owner of the tractor trailer, and three tire companies, one of which is Defendant Firestone. The complaint stated two claims against Firestone: one count alleged improper manufacture of

the air bag suspension system, and a separate count alleged defective manufacture of the tires on the various vehicles involved in the crash. The collective allegations against the tire companies suggested only that "some or all" of the tires had been manufactured by each defendant tire manufacturer. In place of the original complaint, Plaintiff substituted an amended complaint filed on July 26, 1985—six months after the filing of the original complaint. The amended complaint did not alter the charges made against Defendant Firestone.

Subsequent to the filing of the amended complaint, discovery ensued and, during the course of this discovery, Plaintiff's attorney demonstrated that he did not, in fact, know which—if any—of the tire company/defendants actually manufactured the allegedly defective tires. Evidence made part of the record during the deposition of Mr. Michael Catti, the driver of the truck in the accident, suggests that the defective tires may not have been manufactured by Firestone.[1]

Whatever the actual facts underlying the allegations of the complaint, Firestone, by interrogatory, specifically asked Plaintiff:

> 2. State each fact or describe with specificity each document or person upon which you rely to support your allegations that Firestone manufactured the subject tires.

Firestone's "First set of Interrogatories Directed to Plaintiffs", page 5. To which Plaintiff replied:

> None. We are aware of the poor condition of the tires and the state they were in following the accident.

*Id.* Plaintiff's statement of authority indicates that, as of the time of his answer to the interrogatory in August of 1985, he had not conducted any investigation which spe-

cifically identified Firestone as the manufacturer of the allegedly defective tires.

Plaintiff manifests a similar failure to investigate the charges with respect to the allegedly defective air bag suspension system. Firestone propounded the following interrogatory:

> 4. State each fact or describe with specificity each document or person upon which you rely to support your allegations that Firestone manufactured the subject air bag.

Firestone Interrogatories, pages 5–6. To which Plaintiff responded, "None yet." *Id.* at 6. Although two years had passed between the accident and the filing of the complaint and although the Plaintiff had been in litigation for over six months and had filed an amended complaint, as of August of 1985 Plaintiff, by his own admission, still had no foundation for his allegations specifically against Defendant Firestone.

In response to Firestone's charge that Plaintiff failed to make a reasonable pre-filing investigation of the facts as required by Rule 11, Plaintiff's counsel represented to the United States Magistrate that he had indeed made reasonable inquiry, that he had not acted in bad faith, and that Firestone actually sought improperly to force Plaintiff to prove his case at the discovery stage of this litigation. Plaintiff's counsel offered the Magistrate no evidence in support of these contentions, there is no such evidence in the record. Plaintiff has not responded to Defendant's appeal.

### Analysis

Failure to inquire into the facts supporting a cause of action prior to filing suit contravenes Federal Rule of Civil Procedure 11 which provides in pertinent part:

---

1. Firestone cites several passages from Mr. Catti's deposition to demonstrate that Mr. Catti does not support a number of Plaintiff's allegations. This evidence is not, however, probative of the question as to whether or not Plaintiff's attorney made the "reasonable inquiry" into the facts supporting his allegations as required by Rule 11. Plaintiff's counsel might well satisfy the "reasonable inquiry" criteria without crediting Mr. Catti's views or beliefs. Indeed, "reasonable inquiry" need not *necessarily* require an interview of Mr. Catti. The totality of the circumstances must govern. Here, counsel has conceded on the record that as to facts or evidence supporting his specific charges against Firestone he had "none."

... The signature of an attorney or party constitutes a certificate by him ... that to the best of his knowledge, information, and belief formed after *reasonable inquiry* [the complaint] is well grounded in fact ...

Fed.R.Civ.P. 11 (emphasis added). The rule has recently been amended to encourage its use and to strengthen its force. Fed.R.Civ.P. 11 *Advisory Committee Note.* "The new language emphasizes the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." *Id.* The advisory committee specifically counsels:

> Greater attention by the district courts to pleading and motion abuses and the imposition of sanctions when appropriate should discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.

Fed.R.Civ.P. 11 *Advisory Committee Note.* This Court would simply contribute to the growing problem of frivolous, malicious, or unsupported suits were it to ignore the present instance of abuse. *See Goldman v. Belden,* 580 F.Supp. 1373 (W.D.N.Y. 1984).

■ Civil Procedure Rule 11 codifies the professional ethic that "attorneys must pursue some legal and factual analysis before subjecting a person or company to the disruption of defending a lawsuit in federal court." *Taylor v. Belger Cartage Services, Inc.,* 102 F.R.D. 172, 181 (W.D.Mo.1984). The rule should not be construed to abrogate "the liberal threshold standard for initiating litigation." *Id.* Allegations need not be perfect at their inception.

■ The rule aims, rather, to prevent situations in which all parties incur unnecessary costs in litigating a claim which a modicum of investigation would have avoided. Obviously a preliminary inquiry into facts which may not support a claim imposes some costs of investigation which a potential plaintiff may never recover at law. The alternative procedure, as practiced by Plaintiff here, imposes costs on all parties (and the judicial system) which greatly exceed the expense of a "reasonable inquiry" prior to suit. Federal Rule of Civil Procedure 11 specifically aims at preventing the costs attendant upon a "sue now, inquire later" mentality.

■ Precisely such a rash rush to judgment has animated Plaintiff's claims against Defendant Firestone. Under the rule, the reasonableness of a plaintiff's prefiling inquiry must be judged by the totality of the circumstances viewed *ex ante,* not *ex post.* Hindsight may well reveal that additional research or investigation would have avoided litigation, and yet the rule is not violated. The Court must determine if at the time the complaint was filed or at any time subsequent thereto the inquiry conducted by the plaintiff revealed information adequate to support the charges leveled against the defendant. Where, as here, a plaintiff has made no inquiry or has made an inquiry that has revealed no information supporting a claim, the inquiry is *ipso facto,* not reasonable.

■ Plaintiff's good faith is irrelevant. *Duncan v. WJLA–TV, Inc.,* 106 F.R.D. 4, 6 (D.C.C.1984); *SFM Corp. v. Sunstrand Corp.,* 102 F.R.D. 555 (N.D.Ill.1984). The new Rule 11 "standard is more stringent than the original good-faith formula and thus it is expected that a greater range of circumstances will trigger its violation." Fed.R.Civ.P. 11 *Advisory Committee Note.* "The standard is objective and not subjective ... Any other standard would eviscerate the Rule because ... 'there is no position—no matter how absurd—of which an advocate cannot convince himself.' " *Sunstrand,* at 557 quoting *Wells v. Oppenheimer & Co.,* 101 F.R.D. 358, 359 n. 3 (S.D.N.Y.1984). Plaintiff's attorney's protestations of good faith do not refute or excuse a violation of Rule 11.

■ The objection that compliance with Rule 11 requires a plaintiff to prove his case prior to trial cannot be credited. Rule 11 does not require a plaintiff to *prove* anything, merely to *inquire.* A reasonable inquiry need only demonstrate that the complaint is "grounded in fact." Fed.R.

Civ.P. 11. It need not reveal information sufficient to sustain a claim in a court of law.

 Counsel should not confuse federal procedural Rule 11 with federal procedural Rule 12(b)(6). A plaintiff may have a reasonable claim, indeed an irrefutable claim, the assertion of which may nonetheless violate Rule 11 if the plaintiff has failed to conduct any reasonable inquiry. And, an unprovable or false claim may withstand a motion for sanctions under Rule 11 if the plaintiff has conducted a reasonable inquiry demonstrating that the claim is grounded in fact. A more fully developed record may indicate that the facts elicited after reasonable inquiry were erroneous, incomplete or simply misunderstood thus subjecting a claim to dismissal under Fed.R.Civ.P. 12(b)(6), but under Rule 11 attorneys remain "free to assert claims where the facts and law are less than clear." *Taylor v. Belger Cartage Service, Inc.*, 102 F.R.D. 172 (W.D.Mo.1984).

 The Court cannot, however, countenance situations such as the one presented here in which a plaintiff files suit more than two years after the underlying incident, subsequently amends the complaint, and yet eight months into the litigation summarizes the facts supporting his allegations as "none" and "none yet." *See Hasty v. Paccar, Inc.*, 583 F.Supp. 1577 (E.D.Mo.1984); *Van Berkel v. Fox Farm & Road Machinery*, 581 F.Supp. 1248 (D.Minn.1984); see also *Nemeroff v. Abelson*, 704 F.2d 652 (2nd Cir.1983) (construing the former, less stringent, version of Rule 11).

### Sanctions

 After a finding that Rule 11 has been violated, "the court, upon motion or upon its own initiative, *shall* impose ... an appropriate sanction." Fed.R.Civ.P. 11 (emphasis added). Appropriate sanctions may include attorney's fees and costs. *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1166–67 (7th Cir.1983). "The time when sanctions are to be imposed rests in the discretion of the trial judge." Fed.R.

Civ.P. 11 *Advisory Committee Note.* However, with respect to pleadings that violate the rule, the advisory committee recommends that sanctions "be determined at the end of the litigation." The advice is sound and will be followed in the present instance. While a violation of the rule for failure to make reasonable inquiry can only be determined by viewing the situation *ex ante*, the egregious nature of the violation can best be determined after a retrospective, *ex post* review of the entire litigation. Thus, the Court will defer consideration and imposition of an appropriate sanction until the claims against Defendant Firestone Tire and Rubber Company have been resolved.

Thus, the Court FINDS that Plaintiff's attorney has violated Rule 11 by failing to make a reasonable inquiry into the facts supporting the claims against Defendant Firestone.

Consideration and imposition of appropriate sanctions is DEFERRED until the claims against Defendant Firestone have been resolved.