US SPRINT COMMUNICATIONS COMPANY and US Telecom, Inc., a Kansas corporation as a partner in US Sprint Communications Company; and GTE Communications Services Incorporated, a Delaware corporation as a partner in US Sprint Communications Company, Plaintiffs,

v.

Chuck KACZMAREK, Defendant.

Civ. A. No. 87–2400–0.

United States District Court,
D. Kansas.

May 31, 1988.

J. Nick Badgerow, Josephine A. Mayer, Spencer, Fane, Britt & Browne, Overland Park, Kan., Donald W. Griffin, Kansas City, Mo., A.K. Wnorowski, B.A. Bianchino, Shawnee Mission, Kan., for plaintiffs.

Dianna K. Stapleton, Scott & Daily, Chartered, Kansas City, Kan., G. Morris Hamm, Evans, Schindler, Donaldson, Smith & Hamm, P.C., Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendant's motion to impose sanctions under Federal Rule of Civil Procedure 11. As far as the court can discern, the defendant makes three arguments for the imposition of sanctions. First, defendant claims that he has been inconvenienced, embarrassed, and put to great expense in defending this lawsuit. Second, defendant implies that the court lacks jurisdiction and that service was improper. Third, defendant contends that plaintiff filed its complaint without making a reasonable inquiry.

Because defendant offers no support for his theory that Rule 11 sanctions can be imposed merely because a litigant experiences inconvenience, embarrassment, and expense in defending a lawsuit, and because the court believes such an argument has no merit, defendant's first argument will not be addressed. Defendant merely hints at his second argument, and offers no support for his allegations that the court lacks jurisdiction or that service was improper. Moreover, these arguments are better addressed in a motion to dismiss, not in a motion for Rule 11 sanctions. Consequently, the discussion below will address only defendant's third argument.

Federal Rule of Civil Procedure 11 provides in pertinent part:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Defendant contends that plaintiff did not make a reasonable factual inquiry before filing its complaint, and thus is subject to sanctions. Defendant offers no support for this argument. Since this court has not previously addressed the "reasonable in-

quiry" requirement of Rule 11 in any detail, the following discussion is offered to clarify when the court will consider imposing sanctions under Rule 11 when a party claims that an opponent has not made a reasonable factual (as opposed to legal) inquiry.

 Several courts have offered their interpretation of what a "reasonable inquiry" entails. First, the requirement imposes a "stop-and-think obligation" on the signer. *Duncan v. WJLA–TV, Inc.,* 106 F.R.D. 4, 5–6 (D.D.C.1984). Second, the rule requires inquiry, not proof. *Foster v. Michelin Tire Corp.,* 108 F.R.D. 412, 415–16 (C.D.Ill.1985) ("Rule 11 does not require a plaintiff to *prove* anything, merely to *inquire.* A reasonable inquiry need only demonstrate that the complaint is 'grounded in fact.' ... It need not reveal information sufficient to sustain a claim in a court of law."). Third, the rule requires inquiry, not "such a thorough investigation that discovery will be unnecessary." *General Accident Insurance Co. v. Fidelity & Deposit Co. of Maryland,* 598 F.Supp. 1223, 1230–31 (E.D.Pa.1984). Fourth, the factual allegations do not need to be perfect. *Foster,* 108 F.R.D. at 415. Fifth, the facts can be less than clear since Rule 11's standard is not equivalent to a Rule 12(b)(6) standard. *Id.* at 416. In the *Foster* court's words:

> A more fully developed record may indicate that the facts elicited after reasonable inquiry were erroneous, incomplete or simply misunderstood thus subjecting a claim to dismissal under Fed.R.Civ.P. 12(b)(6), but under Rule 11 attorneys remain "free to assert claims where the facts and law are less than clear."

*Id.* (quoting *Taylor v. Belger Cartage Service, Inc.,* 102 F.R.D. 172 (W.D.Mo.1984)). Sixth, Rule 11 does not abrogate a signer's ability to plead on the basis of information and belief, which is generally permitted under the Federal Rules of Civil Procedure. *General Accident,* 598 F.Supp. at 1231. Indeed, as the Pennsylvania district court commented:

> [Pleading on the basis of information and belief] is a practical necessity. How else can a pleader avoid the appearance of perjury when he is without direct personal knowledge regarding one or more of the allegations necessary to his claim and therefore must plead on less certain footing? Pleading on information and belief is a desirable and necessary expedient when matters that are necessary to complete the statement of a claim are not within the knowledge of plaintiff but he has sufficient data to justify interposing an allegation on the subject.... The same is true whenever the pleader must rely on information furnished him by others.

*Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1225 (1969)). Finally, Rule 11 does not require the signer to conduct the reasonable inquiry himself; others may conduct the required inquiry. *Kendrick v. Zanides,* 609 F.Supp. 1162, 1172 (N.D.Cal.1985) ("Rule 11 requires that [signers] have in hand sufficient credible information (as opposed to opinions or conclusions) from whatever source to enable *them* to form a reasonable belief that the allegations to which they put their signature are well-grounded in fact.").

 Although courts have often discussed what conduct satisfies the reasonable inquiry requirement, they have not frequently addressed conduct which fails to meet the requirement. Most of the case law focuses on attorneys' failures to make reasonable *legal* inquiries. Nevertheless, a few courts have discussed examples of Rule 11 violations resulting from a signer's failure to make a reasonable *factual* inquiry. Sanctions under Rule 11 have been awarded when: (1) The signer has made no inquiry whatsoever. *See, e.g., In re Ginther,* 791 F.2d 1151, 1155 (5th Cir.1986); *Mohammed v. Union Carbide Corp.,* 606 F.Supp. 252, 261–62 (E.D.Mich.1985); *Foster,* 108 F.R.D. at 415; *Florida Monument Builders v. All Faiths Memorial Gardens,* 605 F.Supp. 1324, 1326 (S.D.Fla.1984); *Viola Sportswear, Inc. v. Mimun,* 574 F.Supp. 619, 621 (E.D.N.Y.1983). (2) No information exists to support the claims made. *Foster,* 108 F.R.D. at 415. (3) The signer has based his claims on mere suspicions or mere assumptions. *United Food & Com-*

*mercial Workers v. Armour & Co.,* 106 F.R.D. 345, 347–48 (N.D.Cal.1985); *Woodford by & through Houston v. Gavin,* 105 F.R.D. 100, 105 (N.D.Miss.1985). (4) The signer has a "sue now, discover later" or "sue now, develop a cause of action later" intent. *See, e.g., Weil v. Markowitz,* 108 F.R.D. 113 (D.D.C.1985); *Foster,* 108 F.R.D. at 415; *City of Yonkers v. Otis Elevator Co.,* 106 F.R.D. 524, 525 (S.D.N.Y.1985). Thus, as is apparent from these examples, a signer's failure to make a reasonable factual inquiry must be a flagrant one before sanctions are warranted.

■ If a party proves that the signer has not made a reasonable inquiry, he has completed only the first step in proving his case for sanctions. The second step is proving causation. The lack of a reasonable inquiry, by itself, is not enough for Rule 11 sanctions. According to the Advisory Committee's Notes and case law applying Rule 11, the purpose of amended Rule 11 is to prevent frivolous lawsuits. *See, e.g., Foster,* 108 F.R.D. at 415; *United Food,* 106 F.R.D. at 348; *General Accident,* 598 F.Supp. at 1231. Because the purpose of Rule 11 is to prevent frivolous lawsuits, the signer's lack of a reasonable inquiry must *cause* the filing of a frivolous pleading, motion, or other paper. *Continental Air Lines, Inc. v. Group Systems International Far East, Ltd.,* 109 F.R.D. 594, 597 (C.D.Cal.1986). Consequently, if a signer has not made a reasonable inquiry, but the pleading is not frivolous, Rule 11 sanctions for failure to make a reasonable inquiry are inappropriate.

■ Defendant fails to establish either the lack of a reasonable inquiry or the frivolous nature of plaintiff's complaint. Indeed, the admissions in defendant's answer indicate that plaintiff's complaint was accurate and well-grounded. Consequently, the court finds absolutely no reason to impose Rule 11 sanctions.

IT IS THEREFORE ORDERED that defendant's motion to impose sanctions is denied.